UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————x

GIBRAN LOPEZ,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.

——————————————————————————x

16 CV 9095 (CM)
15 CR 2-01 (CM)

ORDER VACATING CONVICTION AND DISMISSING CASE PURSUANT TO 28 USC § 2255

McMahon, C.J.:

On January 5, 2015, a Grand Jury returned a three count Indictment 15 CR 2-02 (CM),

charging Lopez and three co-conspirators with: (Count 1) conspiracy to commit Hobbs Act

Robbery, in violation of 18 U.S.C. § 1951; (Count 2) using and carrying firearms in furtherance

of the Hobbs Act  Robbery conspiracy, in violation of  18 U.S.C. § 924(c)(1)(A)(i) and 2; and

(Count 3) conspiracy to distribute and possess with intent to distribute five kilograms and more

of cocaine, in violation of 21 U.S.C. § 846.

On June 12, 2015, Lopez pleaded guilty to Count Two, and was sentenced on November

18, 2015, to a term of 60 months of imprisonment.

On November 2, 2017, Lopez was separately convicted of Hobbs Act robbery and

Hobbs Act robbery conspiracy offenses under docket number 16 Cr. 323 (KPF), and was

sentenced on June 27, 2018, to 40 years' imprisonment.

On November 21, 2016, Lopez filed a motion to vacate his conviction in the 15 CR 2-

02 (CM) case, pursuant to 28 U.S.C. § 2255, on the ground that the Hobbs Act robbery

conspiracy charge in Count One—the predicate offense for the firearm charge that Lopez

- 1 -

pleaded guilty to in Count Two—does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B), a so-called "Johnson Motion."   Lopez's motion is based on the Supreme Court decisions that have invalidated as "unconstitutionally vague" language similar to that found in Section 924(c)'s "risk-of-force clause." *See Johnson v. United States*, 135 S. Ct. 2551, 2257-60 (2015) (Court declared unconstitutional the risk-of-force clause contained in  the definition of "violent felony" supplied by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii)); *Sessions v. Dimaya*, 138 S. Ct. 1204, 1215 (2018) (Court extended *Johnson*'s reasoning to 18 U.S.C. § 16(b), finding that the risk-of-force clause in that statute's definition of "crime of violence" was likewise infirm).

The Court adjourned the deadline for the Government to respond to Lopez's motion several times because the question of whether Hobbs Act robbery conspiracy qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) was being litigated before the Second Circuit in *United States v. Barrett*, 14-2641-CR.[1]   The *Barrett* Court initially answered the question in the affirmative—Hobbs Act robbery conspiracy qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)(B). *See United States v. Barrett*, 903 F.3d 166, 175-76, 178 (2d Cir. 2018). That precedent, however, would be short lived.

In *United States v. Davis,* 139 S. Ct. 2319 (2019), the Supreme Court held that § 924 (c)(3)(B)'s risk-of-force clause is unconstitutionally vague in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Davis*, 139 S. Ct.

---

[1] Defendant agreed to these many adjournments since he was actively appealing a 40-year sentencing he received from Judge Katherine Polk Failla, 16 Cr. 323 (KPF). By Order dated December 10, 2019, the Court stayed the Motion pending the resolution of the appeal in 16 Cr. 323 (KPF). By Summary Order dated December 19, 2019, the Second Circuit upheld the defendant's conviction and sentence in that case. (*See* Dkt. No. 18-2040, Dkt. Entry 157). Thereafter, on or about January 8, 2020, the defendant filed a petition for a writ of certiorari; the Petition was placed on the Second Circuit docket sheet on January 16, 2020. (*See* Dkt. No. 18-2040, Dkt. Entry 169). The defendant's Petition was subsequently denied by the Supreme Court on or about February 24, 2020. (*See* Dkt. No. 18-2040, Dkt. Entry 176).

at 2325-27. In so ruling, *Davis* rejected the contention that Section 924(c)(3)(B)'s vagueness concerns could be avoided by applying the statute to a defendant's case-specific conduct with a jury making the requisite findings about the nature of the predicate offense and the attending risk of physical force being used in its commission. *Id.* at 2329-33. Rather, *Davis* held that the categorical approach applied in which courts "had to disregard how the defendant actually committed his crime" and "imagine the idealized ordinary case of the defendant's crime." *Id.* at 2326, 2329-33 (internal quotation marks and citation omitted).

As a result, *Davis* abrogated the Second Circuit's holding in *United States v. Barrett*, 903 F.3d 166, 178 (2d Cir. 2018), that Section 924(c)(3)(B) "can be applied to a defendant's case-specific conduct" to avoid constitutional vagueness concerns. Because *Davis* held Section 924(c)(3)(B) to be unconstitutionally vague and therefore unenforceable, it also abrogated *Barrett*'s alternative holding that a conspiracy to commit a crime of violence is itself categorically a crime of violence based on Sections 924(c)(3)(A) and 924(c)(3)(B) considered together. *See Barrett*, 903 F.3d at 176-77.

In light of *Davis*, Lopez's Section 924(c) conviction under Count Two of Indictment 15 Cr. 002 (CM) must be vacated.

The Government agrees that defendant's conviction must be vacated. Indeed, it is the Government's position that the Court should enter an order granting Mr. Lopez's pending Section 2255 Petition, and vacate his conviction and 60-month sentence. (Email from AUSA Christopher DiMase to Chambers, dated May 1, 2020). "Because the defendant is still serving a 40-year sentence imposed on him by Judge Failla in connection with docket number 16 Cr. 323 (KPF), the Government does not believe that any further action is needed at this time." *Id.* "Defendant agrees." (Email from David Touger to Chambers, dated May 1, 2020). The

Government, apparently, has no interest in pursuing the Hobbs Act Conspiracy (Count One) and Narcotics Distribution (Count Three) counts that it agreed to dismiss in exchange for defendant's agreement to plead guilty to Count Two.[2]

Accordingly, defendant's conviction and sentence on Count Two are vacated and the case is dismissed

This constitutes the order of the Court.

Dated: May 18, 2020

Colleen McMahon
Chief District Judge

By ECF: To All Parties

---

[2] The *Davis* Court recognized the peril movants might face in light of its ruling: "[D]efendants whose § 924(c) convictions are overturned by virtue of today's ruling will not even necessarily receive lighter sentences: As this Court has noted, when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted." *Davis* at 2336, quoting *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017).